1818.

M'DERMOTT *against* The United States Insurance

*Philadelphia.*                                Company.

*Saturday,*                              NEW TRIAL.
January 3.

An award, THIS was an action upon a policy of insurance, tried
in a suit on a
policy of insu- before DUNCAN J. at *Nisi Prius,* in which a verdict was
rance, that
proof had not taken for the defendants, subject to the opinion of the Court
been produ- on the points reserved. The declaration contained a count
ced, sufficient
to establish a for money had and received.
claim against
the defendant,
is as much as The policy was on goods shipped in the schooner *Emily,*
saying, that
the plaintiff and the plaintiff on the trial claimed for a loss and gave evi-
had no cause dence of it. The defendants then gave in evidence an agree-
of action, and
is final and ment in writing, signed by the plaintiff and defendants in
conclusive.
Parol evi- *June,* 1810, to refer all matters in dispute between them to
dence is not three persons therein named, whose decision should be final,
admissible, to
shew, that the and an award made by those persons in *September* following
plaintiff was
desirous of a and indorsed on the submission, that "having examined all
postponement " the evidence offered by the parties, they are of opinion, that
before the re-
ferees, but the " proof has not been produced sufficient to establish a claim
defendant " against the *United States* Insurance Company for loss on
urged a deci-
sion, if it be " the policies Nos. 2268 and 2269, dated 6th *December,* 1809,
offered, not to
impeach the " per schooner *Emily,* captain *De Weever.*" The plaintiff,
award on the thereupon, offered one of the referees, to prove, that the
ground of mis-
conduct, par- plaintiff, before the referees, was desirous of a postponement,
tiality, or pre-
cipitancy, but but that the defendants urged a decision. The evidence was
to draw a con- offered, not to impeach the award on account of misconduct,
clusion that it
was not final. partiality, or precipitancy in the referees, but in order to
The Court
will not grant draw a conclusion, that the report was not final. But the
a new trial, on Judge rejected the evidence, being of opinion, that the award
the ground of
a claim, which was final, and a bar to the plaintiff's recovery, and a verdict
the party
might have was taken as before mentioned.
brought for-
ward at the
trial, but did *J. R. Ingersoll* and *Ingersoll,* for plaintiff. One of the
not.
plaintiff's demands is for a return of premium. On this
the referees did not decide. They only decided, that the
plaintiff had not established his claim for a loss. We con-
tend :

1. That the plaintiff's evidence ought to have been admitted, in order to shew, that there was no dispute, as to the return of premium, before the referees.

2. The award is not final as to the matter awarded. The referees only report, that the proof produced, was not sufficient to establish the plaintiff's claim for a loss. They did not mean to preclude another trial. The award is not under seal, and must be construed liberally. 2 *Vent.* 242. Parol evidence may be admitted, to explain the intention of the referees, and to rebut the presumption arising on its face, that it is final. It may be compared to the allowing of parol evidence, to rebut the legal presumption of an executor's right to the surplus of the estate of testator, as in *Rachfield* v. *Careless*,(a) *Fane* v. *Fane*,(b) *Gainsborough* v. *Gainsborough*.(c)

*Binney* and *Rawle*, contra.

1. As to the return of premium, it was not proposed to ask the witness, whether the question of return of premium, was before the referees; nor was any claim on that account, mentioned at the trial. It would not have been objected to, had it been offered; and we agree now, that if the plaintiff can support an action for the return premium, he shall be at liberty to do so, notwithstanding the award. But the evidence was offered with a view to shew, that the award was not meant to be final; to shew, that the referees meant, by their award, to give further time; or in other words, to vary its legal import by parol evidence. Parol evidence is not allowed, except where the ambiguity is *latent*, or to rebut an equity. 1 *Fonbl.* 135, 451. All the cases cited on the other side, are to rebut an equity. No parol evidence is permitted to add to or vary the terms of an agreement. 1 *Fonbl.* 188. The award being under seal or not, makes no difference in this point.

2. Is the award final? It is within the submission. It is certain. Certainty to a reasonable extent is sufficient. *Linewood* v. *Eade.*(d) It is final. The referees intended to make an end of the suit. The words imply, that the plaintiff has no cause of action. An award, that the plaintiff shall discon-

*Margin:* 1818.

M'DERMOT
v.
The United
States
Insurance
Company.

(a) 2 *P. Wms.* 161.
(b) 1 *Vern.* 30.

(c) 2 *Vern.* 252.
(d) 2 *Atk.* 504.

1818.

M'Dermot
v.
The United
States
Insurance
Company.

tinue his suit is good, to bar him for ever. *Kyd.* 209. *Godb.* 275. An award, that all suits shall cease, is final, *Kyd.* 211, though an award of nonsuit, is not final. In construing awards, manifest implication is sufficient, *Kyd.* 330, and ambiguous words are construed so as to give effect to the award. *Kyd.* 233. Suppose the award were, that the plaintiff had no claim, according to the evidence produced, that would have been a bar, and what they have said is tantamount. They also cited, *Cro. Jac.* 200. 335. 2 *Johns.* 57. 13 *Johns.* 27.

TILGHMAN C. J. This is an action on a policy of insurance, on goods shipped in the schooner *Emily.* The plaintiff proved a loss, and the defendant then gave in evidence an award by arbitrators, chosen by the parties. The award is short, and in the following words. " The referees within named, having examined all the evidence offered by the parties, are of opinion, that proof has not been produced sufficient to establish a claim against the *United States Insurance Company*, for loss on the policies, No. 2268, and 2269, dated 6th *December*, 1809, per schooner *Emily*, captain *De Weever*." The submission was, of " *all matters in dispute*," between the parties. This evidence having been given by the defendant, the plaintiff called one of the referees as a witness, and proposed to prove by him, that when the parties were before the referees, " the plaintiff was desirous of a postponement, but the defendant urged a decision." This evidence was not offered, in order to impeach the award, on account of misconduct, partiality, or precipitancy, but in order to draw a conclusion, that the award was not final. The Judge rejected the evidence, and that is the first reason assigned for a new trial. The question amounts to this ; whether the words of a written award, may be explained by parol evidence. This award is not in express terms, that the plaintiff has no cause of action. And the construction the plaintiff wishes to put upon it, is, that the referees did not decide *finally.* In order to open the way for that construction, the evidence of a desire of postponement on the part of the plaintiff was offered ; for, as a postponement was desired, and the words of the award are not expressly final, it is supposed by the plaintiff, that the fact offered to be proved, by him, would throw light on the words used by the referees.

It is a general and good rule, that a written instrument shall not be explained by parol evidence, unless it refers to something *dehors*, of so ambiguous a nature as to require explanation. This is called a *latent* ambiguity, because it does not appear on the face of the writing, and is exemplified by the case of a man having two sons of the name of *John*, and making a devise *to his son John*. But when the ambiguity is in the *words themselves*, the rule is, that no parol evidence shall be received. If one has several children, and should make a devise *to one of his children*, parol evidence would be rejected, and the devise would be void, for uncertainty. There are some exceptions to the general rule. Parol evidence is admitted, in case of a will, in order to rebut an equity. Several of the plaintiff's cases go to that point. We have, in this state, admitted evidence of conversation between the parties, just before the execution of an indenture or other writing, or of fraud or mistake in drawing the writing. And evidence is received, of the circumstances of a testator, as to his family and the nature of his estate, in order to throw light on his will. All those exceptions have been made, for reasons not applicable to this case. There is no ambiguity in this award, nor ought any circumstance to be taken into consideration, *dehors* the writing. If it extends to matter not submitted to the referees, it is void ; but its meaning is to be sought, only in its words. There is nothing to except it from the general rule. I am, therefore, of opinion, that the evidence offered in this case, was properly rejected. The next question, is, on the award itself. The Judge was of opinion, that it was *final and conclusive*. Now let us examine it. The referees were of opinion, *that proof was not produced, sufficient to establish a claim of loss*. What is this, but saying, that the plaintiff had failed in establishing his claim, or in other words, that he had not supported his action. I consider it as much as saying, *that he had no cause of action*. The referees like all other tribunals, decide upon the evidence produced to them. It is in their power, to give time for farther proof. And when they intend to do so, they say so. But it is not to be supposed, that when they profess to make an award upon 'the matter submitted, it is not their intention to decide, but to leave the matter open to future discussion. There was a time, when it was difficult to make an award which would

1818.

M'DERMOT
*v.*
The United
Insurance
Company.

1818.

M'DERMOT
v.
The United
States
Insurance
Company.

stand the test of legal criticism.   But the rule now is, to make a liberal construction, for the support of awards, to carry into effect the intention of the referees, if it is expressed with reasonable certainty.   The expressions in the present case satisfy me, that the meaning is, *the plaintiff has no cause of action.*   I agree with the Judge, therefore, that it is final and conclusive as to the plaintiff's claim of loss. But the plaintiff's counsel have stated a new point, not made at the trial.   Granting, say they, that it is conclusive as to *the loss*, yet it has no effect on our claim for a return of premium, and our declaration containing a count for money had and received, &c. is sufficient to cover that claim.   The Judge, therefore, went too far, in saying, that the award *barred our action.*   This leads to a consideration of the practice which the Court ought to adopt, in all cases like the present.   Although the declaration was sufficient, to include a claim of return of premium, yet the plaintiffs' counsel opened their case, as claiming for a *loss only;* they went through their evidence, with that declared view ; the defendants then gave their evidence, and the Court was appealed to for its opinion, on the meaning of the award, and gave it without hearing one word about premium.   Under these circumstances, it might lead to great inconveniences, if this Court should order a new trial.   The Judge decided correctly, in every point submitted to him, and it was the business of the counsel to bring forward every point on which they desired a decision.   If, indeed, the plaintiff had a serious intention of urging a claim for a return of premium, I would strive hard to afford him an opportunity.   But there is no difficulty on that point.   The defendant's counsel has offered, to place the matter on such a footing, as not to suffer the proceedings in this cause to have any effect, in the plaintiff's action for a return of premium, should he think proper to bring one.   It may be inserted in this record, that the plaintiff's claim in this action, was for a *loss only.*   That being done, I am of opinion, that there should not be a new trial.

GIBSON J. concurred.

DUNCAN J.   If there is any ambiguity it is patent, and therefore not necessary for those alleging the ambiguity, to explain it by parol proof.   The evidence offered must be to

shew the intention of the referees not to make a definite award. Circumstances *dehors* may be received as to property, but not as to intention. Parol evidence is not admissible to explain a policy of insurance. 1 *Vez.* 318. *Dougl.* 566. *Skin.* 55.

Here the controversy arises on the words; and wherever the question arises on the construction of words, *qua* words, no extrinsic evidence can be admitted. *Roberts on Frauds*, 63. To prevent fraud, to correct mistakes, to protect against loss or accident, parol evidence is admissible: but is inadmissible where there is no ambiguity in the words, to explain the intention. Parol evidence may be given to explain latent ambiguity in a deed; but patent ones must be removed by a sound construction of the instrument itself. Extrinsic evidence cannot be received to contradict, vary, or add to any instrument of writing; but only to explain and elucidate it. A developement of extrinsic facts in the case of latent ambiguity, may be received by way of explanation, where the equivocality of expression does not arise from the words themselves, but from the ambiguous state of circumstances to which the words of the instrument refer, *Jackson* v. *Sill*, 11 *Johns.* 215. But the construction which the plaintiff wishes to put on this award is, that it is in the nature of a nonsuit, and the party may begin again. But arbitrators cannot award a nonsuit. If the plaintiff fails to attend, the proper award is, that he has no cause of action, 5 *Binn.* 62. Now the award, that the plaintiff has not supported his claim by evidence brought before the referees, is finding no cause of action. It is as final as an award, that all suits shall cease; or that the plaintiff should discontinue his action. It is stronger than the latter case, for the plaintiff, though he discontinue, might renew. If a verdict was given of not guilty, from the evidence before us, it will amount to acquittal. The very oath of a juror shews this, " to give a true verdict according to the evidence." The verdict, then, is found on the evidence, and the verdict of the jury explains it to be a true verdict according to the evidence; or the evidence produced to them. Awards are not scanned with that strictness which formerly governed Courts; they are construed with more liberality than a verdict; and if a jury returned such a finding as this report, the Court would mould it into form. This report is equivalent to finding no cause of action. There is

no uncertainty in this award. It is in its nature *final.* No evidence is offered to shew that this was by mistake of the referees, who only intended to return it back into the hands of the parties, without drawing any conclusion or forming any decision. Such testimony would have been admissible on the ground of mistake. None such was offered. There is no uncertainty in the award. It disposes of the claim of the plaintiff, so far as any claim and any evidence to support that claim, was laid before the referees. The offer made on the part of the defendant is liberal, that if the plaintiff, on his whole case, excluding the award and the legal consequences of that award, can support an action for the return premium, he shall be permitted so to do, notwithstanding the verdict. I give no opinion whether this award would be a bar to his recovery or not.

New trial refused.