The opinion of the Court was delivered’by
Tilghman C. J.
This may be a very unfortunate mistake for some of the children of the testator, but I am clearly of "opinion that the evidence was not admissible.- Our law requires that wills should be in writing, and proved by two- witnesses. But if the writing is to' be contradicted by parol evidence, the object of the law will be defeated and all certainty destroyed. It is very common, for scriveners to make mistakes, particularly where they make use of technical words, which they are fond of doing. But, if these mistakes were to be corrected by the scrivener’s recollection of his conversation'with the testator, it would open such a door .for perjury and confusion, as would ■ render wills of very little use. The rule of law therefore is, that the- writing is -not to be altered, or explained by evidence aliunde.' But this rule is not so unbending as to admit of no exception. It may happen, that expressions apparently certain, may be rendered uncertain, by something peculiar in the person, or the subject, *114 to which they are applied.. A man has two sons of the name of John, and devises land to his son John. The uncertainty is made to appear by parol evidence, that there are two sons called John. It is permitted therefore, to remove this uncertainty by other parol evidence, shewing which son was intended. Without this evidence, the devise would be void, and in truth, its object is, to explain a doubt arising not on the will, but on a matter out of the will. But, if a doubt should arise on the face of the will, (an ambiguity patent as it is called,) it'is not to be explained by parol evidence. So parol evidence has been admitted, to rebut a resulting trust. Neither is this in contradiction of the written will'. The trust is not declared by the will, but raised by operation of law. The legal presumption may therefore be encountered by parol evidence of the testator’s intention. But the xvritten xvill is preserved, without addition or diminution. In the case of fraud top, always .the subject of the laws abhorrence, evidence is admitted, not for the purpose of explaining, or altering the writing, but of shewing it to be void. If, instead of the will which a man has read, and intends to execute, another is substituted which he executes, it is evident that this is not his will, and proof of this fraud is permitted. So I apprehend, the truth might be shown, if by mistake, the wrong paper was executed and the testator died before there was time to correct, the error. These are, in general, the cases in which parol evidence is- allowed, although I will not say that there may not be others. Now the case before us, is very different from any I have mentioned, for there is no latent ambiguity, no fraud, no resulting trust, The will was read to the testator, and executed by him, without any kind of mistake or imposition as to the paper itself. The mistake, if there was one, was in the meaning of a very common word, (cancel.) I have mentioned the rule of law, and will refer to good authorities to prove it, although I shall not undertake the useless, and endless labour, of examining all the cases in the books or. the subject of parol evidence. The case of Brown v. Selwyn, is strong to this point, and I select it because, it was affirmed by the house of lords in England, and has been recognised by our Courts. In that case, (reported in Cas. temp. Talb. 240, and 4 Bro. P. C. 176. 186,) the testator had devised the residue of his estate, to his *115 two executors equally, and it was offered to be. proved, that he had given instructions .to the person who drew his will, to release a debt due on bond from one. of his executors, but the evidence was rejected. In the case.of Mann and others v. Mann and others, (1 John. Cha. Rep. 231,) where the lawon this subject of parol .evidence is laid down with great learning and accuracy.by Chancellor Kent, Brown v. Selwyn is cited and relied on; as it is also in Torbert v. Twining and others, decided by this Court in the year 1795, (1 Yeates. 432.) The case of M'Dermot v. The United States Insurance Company, (3 Serg. & Rawle 604,) decided by us in 1818, adheres to the same principle of rejecting parol evidence, with the exceptions which I have mentioned. In short, it may be affirmed without hesitation, that the' current of authority, runs strong in the. same channel', .although it cannot'be asserted that all the cases áre in unison.' For my own part, being'convinced by. experience, of the danger of parol evidence, I am more inclined to shut the door, than throw it wider open. I concur therefore with the opinion of the Court below in the present instance. But there is another bill of exceptions, in this cause. The counsel for the defendant offered to ask the same witness, (the scrivener who drew the will,) what were the instructions which he received from the testator. This question the Court would not permit to be asked.' But, when it is considered, that this witness, .who had been produced by the plaintiff, had before, declared, on his examination in chief, that the testator furnished him with the- matter of the will,” there can be no doubt, but the defendant ought to have been permitted to ask, in the'cross examinatiqn, what that matter was. Besides, as the defendants opposed the will in toto, on the ground of its being obtained from an old man above the age of ninety, by the.excessive importunity and harsh treatment of his son Thomas, it was very proper that the jury should be informed of all circumstances attending the drawing and exe-_ cution of it. Who were present, what the. old man said, whether any person interfered, or prompted him, in giving the instructions, how it happened that the name of one of his children was entirely omitted, (for that is said to be the case,) all these, and other circumstances, might have been material, in forming a judgment of the state of the testator’s’intellects. The evidence therefore should have been admitted, solely *116 with a view to that object, and at the same time ihe jury should have been warned in pointed terms, that if .the testator was °* ■ a sound mind, and free from duress, the will was to' stand as it was written, without regard to the instructions. My Opinion is, that in the second bill of exceptions there is error, and therefore the judgment should be reversed and. a new trial ordered. ■
Judgment reversed’ and a venire facias de novó awarded.