## Leonard *against* Leonard.

If an agreement of settlement between partners be set aside, in an action upon it, on the ground of fraud in obtaining it, the parties are thereby restored to their original rights and liabilities, and an action of account render will afterwards lie by one against the other.

ERROR to the Common Pleas of *Juniata* county.

Elijah Leonard against Andrew Parker, executor of Andrew Leonard, deceased.

The plaintiff and defendant's testator had been partners, and

[Leonard v. Leonard.]

on the 28th of March 1831 entered into the following agreement of settlement:

· "Agreement, as follows:—Andrew and Elijah Leonard hath this (day) by agreement, concluded to settle all their accounts of every description from the beginning up to this time, and the agreement is that Andrew pay to Elijah, on the 1st day of April 1832, two hundred dollars, and two hundred and fifty dollars on the 1st day of April 1833, with interest from April 1832—Andrew Leonard to own all property of every description that is personal—he is to collect all the debts due him and Elijah, (canal debts excepted) and to pay all debts due or to become due, (canal debts excepted)—Elijah to pay half of the widow's dower. Andrew has the right to collect all the money due from David Milliken. Elijah is to have his grey mare, saddle and bridle, and all his clothes. The understanding is that Elijah is to pay his half of the demand due his mother by notes given to her, and if any demand for dower after the notes given his mother can be recovered, Elijah is to pay his part according to the valuation of his property, being real estate. The bargain as respects the saw-mill is, the timber sawed for Andrew is to be clear of charge, and any logs Andrew has not sawed, he is to have the right, and to saw twelve logs besides—Elijah to pay rent of saw-mill. This agreement to be final and conclusive of every kind of accounts between the parties, and no appeal or after hearing to be granted or asked by either party. In testimony whereof, we have hereunto set our hands and seals, this 28th of March 1831."

Upon this agreement an action of *assumpsit* was brought by Elijah Leonard against Andrew Leonard, in his lifetime, to May Term 1834, to which the defendant pleaded *non assumpsit* and payment with leave to give the special matter in evidence. Replication *non solvit* and issues. Upon the trial of the cause, the defence was that the agreement was obtained by fraud on the part of the plaintiff: and on this ground it was referred to the jury with the instruction from the court, that if the agreement was obtained by fraud on the part of the plaintiff, they should find for the defendant; and a verdict and judgment were rendered for the defendant.

The plaintiff then brought this action of account render, to which the defendant pleaded the former action of *assumpsit* in bar.

To rebut this, the plaintiff called a witness and offered to prove by him that he was a juror on the trial of the action of *assumpsit*, and that the verdict was given in pursuance of the instruction of the court exclusively on the ground that the agreement was fraudulently obtained, and that the respective claims of the parties were not considered.

The defendant objected to this evidence, on the ground that a

juror was not competent to testify the ground of a verdict: that it is not competent to show in any way but by the record what was the result of an action: that the verdict and judgment are conclusive of every thing that was or might have been tried.

The court sustained the objections, and sealed a bill of exception at the instance of the plaintiff.

The plaintiff requested the court to instruct the jury upon the following points :—

1. That in this action they ought to find a verdict for the plaintiff, unless they believe that the sum of $450, secured to Elijah by the article of agreement of the 28th of March 1831, has been paid to Elijah by Andrew Leonard.

2. That, as in the action No. 7, of May Term 1834, it appears by the record given in evidence, that there was no evidence of any thing having been paid by Andrew *to Elijah Leonard, and* that the cause was laid before the jury by the court entirely on the ground of fraud, on the part of Elijah, in procuring Andrew to enter into the article of 28th of March 1831, the plaintiff is entitled to a verdict in this case.

3. That the fact of the jury having found the article of 28th of March 1831, to have been obtained by fraud, only destroyed the validity of that article, and set it wholly aside; but did not and does not destroy the right of Elijah Leonard to recover in this action on the just rights of the parties.

BLYTHE, President.—I cannot divest my mind of the impression that the plaintiff must stand or fall by his agreement of the 28th of March 1831; and if he has been defeated in his action of *assumpsit* on that agreement, on the ground of his own fraud in procuring it, he cannot now be permitted to turn round and reap an advantage from it in the shape of another action. It would ill become a court of justice to take a single step to save harmless a party detected in a fraudulent attempt to cheat. A contrary doctrine is one to which I cannot subscribe. A man might gain, but he could not lose by his fraud. If he had succeeded in his action of *assumpsit,* he would have reaped the fruit of his knavery perhaps; and when detected, if he is to be *reinstated in his original* rights, and to be reimbursed all that, in any event, he could be entitled to, certainly a man cannot lose and may gain by his own knavery. This is not the law: (see 2 *Watts* 67, 68.) I therefore answer plaintiff's points in the negative.

*Isaac Fisher,* for plaintiff in error, argued that the agreement of the 28th of March 1831, did not extinguish the original liability of the parties to each other as partners, and cited 4 *Watts* 379, 453; 11 *Serg. & Rawle* 152; 15 *Serg. & Rawle* 162; 10 *Serg. & Rawle* 315; 5 *Whart.* 537. But the defendant's testator disavowed the validity of it, and succeeded in defeating it; shall he now be permitted to set it up to defeat the just rights of the parties? Even

[Leonard v. Leonard.]

if the plaintiff had obtained that agreement by fraud, it is no reason why justice should never after be administered to him.

*Reed*, for defendant in error. It clearly appeared that the plaintiff's cause of action, in the former suit, was to recover the amount due to him as a partner. In this action he claims the same thing. It is clearly settled that a verdict and judgment are conclusive as to all that was or might have been tried in the action. 4 *Binn.* 61; 1 *Penn. Rep.* 152. But the plaintiff cannot recover in this action but by alleging his own fraud, which he will not be permitted to do.

The opinion of the Court was delivered by

Sergeant, J.—The settlement of accounts between these parties on the 28th of March 1831, would undoubtedly be a bar to the present action of account render, were it not that the defendant himself procured that agreement to be set aside on the ground of fraud in the plaintiff at the making of it. That fraud had the effect of preventing the plaintiff from recovering on the agreement: but it was the defendant who alleged it; and the necessary consequence of the defendant's thus rescinding that agreement, was to restore the parties to their original situation. It would be unjust that the defendant, after succeeding in barring the plaintiff's claim on the agreement, on the ground that it was null and void, should set it up now to prevent an inquiry into their mutual rights, thereby retaining in his hands the great bulk of the partnership property, without accounting for any portion of it. It is true, if the merits of the accounts had been inquired into and decided upon in the former action of *assumpsit*, they ought not again to be called into question in this suit: and they may have been inquired into, under our loose system of pleading, by the assent of the parties, though strictly irregular; but it would rather seem, from the charge of *Judge Blythe*, that the ground on which the plaintiff failed was fraud in the plaintiff in concealing a sum of $15, which he had received prior to the agreement: and we are not able to perceive, from the evidence before us, that the state of the accounts was gone into and determined. All that we can pronounce to have been done, was to rescind the agreement and declare it null and void. That being the case, the original rights of the parties revived, and justice would require that they should be settled.

Judgment reversed, and *venire facias de novo* awarded.