## Follansbee *versus* Walker *et al.*

1. An action was "Follansbee *v.* Walker," and judgment for defendant; another action was brought "Follansbee & Walker to the use of Follansbee *v.* Walker." *Held*, under a plea of former recovery, that the record in the first suit was evidence in the second.

2. The presumption was that the merits were passed on in the first case, the legal plaintiff in the one being the equitable plaintiff in the other.

3. A plaintiff having been defeated on the merits cannot try the same question in another form.

4. In the second action the plaintiff might prove by jurors in the first, that the jury passed only the question whether the transaction was with the firm or Follansbee alone.

5. The charge of the judge filed of record in the first case was evidence to show the questions submitted to the jury.

6. Parol evidence when it does not contradict the record, is admissible to show that a former recovery was not on the merits but on a technical objection.

7. Carmony *v.* Hoober, 5 Barr 305 ; Haak *v.* Breidenbach, 3 S. & R. 204; Leonard *v.* Leonard, 1 W. & S. 342, followed. Cluggage *v.* Swan, 4 Binney 150, distinguished.

October 21st 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Erie county :* Of October and November Term 1873.

This was an action brought May 18th 1871, by Joshua Follansbee and William Walker, trading as Walker & Follansbee, for the use of Joshua Follansbee, against John W. Walker and H. N. Armstrong, trading as Walker & Armstrong.

The plaintiffs filed a *narr.* in assumpsit in the common counts, and also the following claim :—

| | | | |
|---|---|---|---|
| October, 1866. Walker & Armstrong, | | | *Dr.* |
| To 564 tons coal at $8.25 | . | . | $4484.17 |
| Credit by cash, | . | $1500.00 | |
| By price of one-half interest in coal-yard, fixtures, &c., | | 1598.73 | |
| | | | $3098.73 |
| | | | $1685.44 |

Add interest.

The defendants pleaded "non assumpserunt," and also a special plea, that Joshua Follansbee to No. 92 of November Term 1868, in Court of Common Pleas of Erie county, impleaded the defendants for not performing the identical promises and undertakings mentioned in the declaration in this case, that the case was tried by a jury on the 28th of March 1871, and a verdict rendered for the defendants upon which, judgment was afterwards entered in favor of the defendants, which remains unreversed, &c.

The plaintiffs replied : that the suit of No. 92 of November Term 1868 was brought on promises alleged in the declaration in that case to have been made to Joshua Follansbee alone; that therefore neither the parties nor the promises are the same : and further, the defendants in that suit alleged that the promises were made by them to Joshua Follansbee and William Walker jointly, and the consideration for the promises was received by Walker & Follansbee from their joint property, and the defendants supported their defence on that ground, and testified as witnesses on the trial of the case that the promises mentioned in the declaration in that case were to Follansbee & Walker jointly, and not to Follansbee alone, and requested the court to charge the jury that if they believed the testimony of the defendants, Follansbee could not recover ; and the court did so charge, and further charged that by finding a verdict for the defendants, on the ground of the non-joinder of the said William Walker as plaintiff, Walker & Follansbee would not be precluded from recovering in a joint action, and the verdict was found on that defence and on no other ground whatever.

This case was tried April 15th 1873, before Wetmore, P. J.

[Follansbee v. Walker.]

The plaintiffs gave evidence of their claim as filed and rested. It was admiited that the claim presented in this suit is the same as that given in evidence in the former suit.

The defendants then offered in evidence the record in the former suit. The plaintiffs objected to the offer on the ground that the parties are not the same, and that the jury in that case passed on the question whether Follansbee had a right to sue, and not on the merits. The offer was admitted and bill of exceptions sealed.

The record showed an action in assumpsit, "Joshua Follansbee v. Walker & Armstrong," of the number, &c., set out in the special plea; copy of claim filed; judge's notes of testimony, which amongst other things contained evidence that the contract of sale was with the firm of Follansbee & Walker; the charge of the judge who tried the case, in which he said to the jury that there was a preliminary question for them to decide, viz. : whether the transaction was with Follansbee alone, for if the transaction was with Follansbee & Walker, the plaintiff could not recover in his name alone. The verdict then was for the defendant.

The defendants here rested.

The plaintiffs in rebuttal offered to show by members of the jury who were impannelled in the case of Follansbee v. Walker & Armstrong, No. 92, Nov. Term 1868, that the jury decided only on the *preliminary* question submitted by the court, whether or not the transaction was with a firm called Walker & Follansbee, or with Follansbee alone, and that they did not pass on the accounts between the parties submitted to them in a subsequent part of the charge.

The offer was objected to by the defendants, rejected by the court and a bill of exceptions sealed.

The verdict was for the defendants. The plaintiff, Follansbee, took a writ of error and assigned the decisions of the court on the offers of evidence, for error.

*J. Benson* (with whom was *E. Babbitt*), for plaintiff in error.— The judgment of a court to be good, as a plea in bar, must be between the same parties upon the same matter directly in question and upon the merits. If the trial went off on a technical defect, or because of a temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to a future action : 1 Greenleaf Ev., sects. 528, 530; Dale v. Roosevelt, 1 Paige 35; Kauffelt v. Leber, 9 W. & S. 93. Follansbee, who had no right to sue, is not the same party as Walker & Follansbee who had the right : Kelley v. Eichman, 3 Whart. 419; 1 Chit. Plead. 1, 13.

It is not necessary to the validity of a judgment that the name of the assignee of the claim should appear on the record : Reigart v. Ellmaker, 6 S. & R. 44 ; Paul v. Whitman, 3 W. & S. 407 ; Montgomery v. Cook, 6 Watts 238 ; Blanchard v. Commonwealth, Id. 309 ; Miller v. Manrice, 6 Hill 114.

[Follansbee v. Walker.]

Whenever a judgment in a former case is relied upon as conclusive in another, it may be shown by parol evidence not inconsistent with the record, that the particular point relied on was not adjudicated, if in law the judgment could have been rendered on any other: Hall v. Breidenbach, 3 S. & R. 204; Coleman's Appeal, 12 P. F. Smith 252. A juror may testify what claims were allowed under the plea of payment: 6 Ohio Rep. 232; Converse v. Colton, 13 Wright 346; Carmoney v. Hoober, 5 Barr 305.

The plea of judgment recovered is mixed matter of record with matter of fact : Lytle v. Lee, 5 Johns. 112; Thomas v. Rumsee, 6 Id. 33.

J. C. Marshall, (with whom was F. F. Marshall), for defendants in error.—Those are parties who have a right to control the proceedings : 1 Greenl. Ev. sect. 535; Calhoun v. Dunning, 4 Dallas 120; Rogers v. Haines, 3 Greenl. R. 362; Coates v. Roberts, 4 Rawle 112 ; Chambers v. Lapsley, 7 Barr 24; Kinnersley v. Orpe, Douglass 56; Castle v. Noyes, 4 Kernan. (N. Y. ) 329; Washington Packet Co. v. Sickles, 24 Howard 343; s. c. 5 Wallace 592.

The opinion of the court was delivered, October 27th 1873, by
SHARSWOOD, J.—There was no error in the admission of the record of the former judgment. The parties in that suit and in the action tried below were substantially the same. In the former, Joshua Follansbee was the legal, in the latter, he is the equitable plaintiff. The subject-matter of the two suits appeared by the record to be identical. The presumption would be upon the issues, that the merits had been passed upon in the former proceeding. Such being the case, if no technical objection appeared to have been raised upon the record to the right of Joshua Follansbee to maintain the action as legal plaintiff, the judgment in that action would be a bar to a subsequent action by him as equitable plaintiff. If it appeared that only the equitable, not the legal right, was in Joshua Follansbee, it would be presumed that the defendant had waived that purely technical objection. It would be very unreasonable and contrary to the settled rules upon the subject, to permit the plaintiff having once been defeated on the merits, to try the same question over again in a different form : Calhoun's Lessee v. Dunning, 4 Dall. 120 ; Marsh v. Pier, 4 Rawle 273 ; Chambers v. Lapsley, 7 Barr 24.

But we are of opinion that the learned judge below fell into an error in excluding the evidence offered by the plaintiffs, the rejection of which forms the subject of the second assignment. That offer was to prove by members of the jury impannelled on the trial

[Follansbee *v.* Walker.]

at the first suit "that the jury decided only on the preliminary question submitted by the court, whether or not the transaction was with the firm of Walker & Follansbee, or with Follansbee alone, and that they did not pass upon the accounts between the parties submitted to them in a subsequent part of the charge." This was objected to for the reason that the evidence was incompetent and irrelevant. In strictness this was not an objection to the competency of the witnesses, but only to the competency of the evidence. Waiving that point, however, we will consider both questions.

The charge of the judge as filed of record in the first case, showed conclusively that both the questions referred to in the offer were submitted to the jury. In Carmoney *v.* Hoober, 5 Barr 305, the charge of the judge so filed of record was considered as sufficient to establish on what point a former recovery had passed. Nothing seems better settled than that the evidence thus offered was competent. It did not contradict the record, but was entirely consistent with it. On the general issue under the pleas of *non assumpserunt*, the defendants could have defeated the plaintiff by showing that the contract was not made with him, but with a firm of Follansbee & Walker. Non-joinder of plaintiffs in an action *ex contractu* may be taken advantage of under the general issue : 1 Chitty's Pleadings 13. Whenever it does not contradict the record, parol evidence may be given to show that a former recovery was had, not upon the merits, but upon some technical objection to the form of action or otherwise. The cases upon this subject are too numerous to cite ; it will be sufficient to refer to some of our own decisions : Zeigler *v.* Zeigler, 2 S. & R. 286 ; Haak *v.* Breidenbach, 3 Id. 204 ; Wilson *v.* Wilson, 9 Id. 424 ; Cist *v.* Zeigler, 16 Id. 282 ; Leonard *v.* Leonard, 1 W. & S. 342 ; Fleming *v.* The Insurance Co., 2 Jones 391 ; Carmoney *v.* Hoober, 5 Barr 305 ; Coleman's Appeal, 12 P. F. Smith 252.

It is equally clear that the jurors were competent witnesses. In Haak *v.* Breidenback, and Leonard *v.* Leonard, *supra*, the parol evidence was given by jurors, and in the latter case under a special objection and exception ; yet the judgment was reversed for the rejection of the evidence. There is no principle of law or rule of policy which in such a case ought to exclude them. It is entirely different from where they are called to impeach a verdict on the ground of their own misbehavior or that of their fellows : Cluggage *v.* Swan, 4 Binn. 150, though even that has been since questioned : Ritchie *v.* Holbrooke, 7 S. & R. 458.

Judgment reversed, and *venire facias de novo* awarded.