## James Springer, Plff. in Err., v. John Wood.

In a suit before an alderman, at any time before judgment the plaintiff may withdraw or discontinue his suit or take a nonsuit; and thereupon a judgment for costs against him will not bar another action for the same demand.

But where the docket of the alderman states that the plaintiff refused to proceed with the case, and thereupon judgment was entered in favor of defendant, against plaintiff with costs, it shows a final judgment on the merits which is a bar to another action on the same demand.

Parol evidence in such case, that plaintiff withdrew or discontinued the action, contradicts the record and is inadmissible.

The rule that parol evidence is admissible to explain, but not to contradict, the record applies to dockets of aldermen and justices of the peace.

(Decided October 4, 1886.)

Error to the Common Pleas of Delaware County to review a judgment on a verdict for plaintiff in an action of assumpsit. Reversed.

NOTE.—The entry of a nonsuit before a justice is not a bar to a second action. Vought v. Sober, 73 Pa. 49. Nor is the discontinuance of the action a bar. Gibson v. Gibson, 20 Pa. 9; Blair v. McLean, 25 Pa. 77. But a

Plaintiff brought this suit to recover for the value of property alleged to have been left by him five years previously on a farm in the possession of which defendant succeeded him, and alleged that defendant agreed to pay him for such goods. Defendant pleaded, *inter alia*, "former recovery," and upon the trial offered in evidence the record of a suit before an alderman containing a judgment rendered against the plaintiff by the justice, which record was as follows:

John Wood
v.
James Springer

Summons issued April 9, 1883, returnable April 14, 1883, between the hours of 1 and 2 P. M.   Served on the defendant April 9, 1883, by producing to him the original summons and informing him of the contents thereof on affirmation of William Marron, constable.   April 14, 1883, case continued to April 21, 1883, at 5 P. M.   April 21, 1883, plaintiff and defendant appear; plaintiff claims $200.50 for goods sold and delivered defendant.   John Wood sworn.   Case continued to April 28, 1883, at 3 P. M.   April 28, 1883, parties appear.   George Wood sworn for plaintiff.   James Springer, John Springer, and John Magg sworn for defendant.   Defendant claims $100 damages awarded him by a jury convened January 9, 1878, before Aldermen Holt and Welser, in proceedings to recover property purchased at sheriff's sale by him and sold as the property of plaintiff. Case continued to May 9, 1883, at 3.30 P. M.   May 9, 1883, plaintiff and defendant appear.   Attorney for plaintiff asks to have the claim of defendant thrown out, which is refused, and attorney for plaintiff refusing to proceed with the case, judgment is hereby publicly entered in favor of the defendant and against plaintiff, with costs on plaintiff.

J. M. Allen, Alderman.

This record was received in evidence and defendant proved that this former suit was for the same cause of action.

judgment for the defendant is conclusive.  Beynon v. Peterson, 7 Kulp, 259; Marsteller v. Marsteller, 132 Pa. 517, 19 Am. St. Rep. 604, 19 Atl. 344; Besecher v. Flory, 176 Pa. 23, 34 Atl. 926.  But the parties must be the same (Parkes v. Diehm, 5 Pa. Co. Ct. 146; Walker v. Franklin, 4 Kulp, 380); as must be the cause of action (Moorehouse v. Moorehouse, 7 Pa. Super. Ct. 287, 42 W. N. C. 245).

The court, CLAYTON, P. J., permitted the plaintiff to intro-
duce evidence by himself and his attorney to the effect that at the
trial before the justice the plaintiff had permitted a nonsuit.
The jury rendered a verdict for the plaintiff upon which judg-
ment was entered; and defendant took this writ, assigning as
error: 1. The action of the court in admitting the evidence
to contradict the record. 2. The answer of the court to defend-
ant's first point, which point and answer were as follows:

First. If the jury believe from the evidence that the suit be-
fore Squire ALLEN given in evidence was for the same cause of
action as the suit now trying, then the suit before Justice ALLEN
is a positive bar to the plaintiff's recovery.

*Ans.* "I say to you, gentlemen, that if that suit was tried
upon its merits before the alderman, that is an end of the case,
and so you had better take up first that point. If you find that
there was a fair trial of the case before Squire Allen upon its
merits, and judgment rendered for the defendant, that is an end
of the case. But, if you find, from the alderman's record and
from the testimony you have heard, that the judgment given by
the alderman was in the nature of a nonsuit, that is to say, that
the plaintiff withdrew his case, and that it was so understood at
the time, then the judgment of the alderman was only for costs
and not conclusive of the action. You will observe that upon
May 9 the plaintiff went before the alderman and made out his
case, and then the defendant came with this record which I have
not admitted, and that the plaintiff objected, but that the alder-
man concluded to admit it. The alderman says that then the
attorney for the plaintiff asked to have the claim of the defend-
ant thrown out; the request he says was refused, and then the
'attorney for the plaintiff refusing to proceed with the case,
judgment is hereby publicly entered in favor of the defendant,
with costs upon the plaintiff.' He says that he made up his
mind to give a judgment for the plaintiff for a small amount;
but when the plaintiff refused to proceed, the alderman said he
gave judgment for the defendant.

"Now it will be for you to say whether that was a trial upon
its merits. Mr. Carter says that he positively suffered a non-
suit, and that Mr. Broomall argued that he could not take a non-
suit, and that he found the alderman to be with Mr. Broomall;
and withdrew the case, and left the office. I say to you that he
had the right to withdraw the case at any time before the alder-

man gave judgment against him. Then it was his duty to pay the costs if demanded, and the case would then be out of the jurisdiction of the alderman. If costs were not demanded, then the law requires that he should pay them when demanded.

"The case was commenced on May 9, 1883. On the 25th of the same month this suit was brought to court. Now, if you think that corroborates Mr. Carter or corroborates the plaintiff in the statement that they did suffer this nonsuit or withdrew the case, I will hold this record not to be conclusive. On the 9th of May the plaintiff refuses to go on with the suit before the alderman, and on the 25th of the same month suit was brought by him in this court.

"Therefore I charge you that if you find that this case was not tried on its merits, and was withdrawn before final judgment was entered, the record of the alderman here being somewhat ambiguous is not conclusive. But if you find that the case was tried on its merits, that is an end of the case."

*W. B. Broomall,* for plaintiff in error.—Where a magistrate has taken jurisdiction of a case, he must enter a judgment between the parties; and so controlling is this that he cannot enter a compulsory nonsuit against the plaintiff; but if such a disposition of the case be made in form, it is nevertheless treated as a judgment against the plaintiff. Gould v. Crawford, 2 Pa. St. 89; Lawver v. Walls, 17 Pa. 75.

Parol evidence is not admissible to contradict the record of the proceedings and judgment of the alderman. Coleman's Appeal, 62 Pa. 252; Follansbee v. Walker, 74 Pa. 306; Coffman v. Hampton, 2 Watts & S. 377, 37 Am. Dec. 511; Finley v. Hanbest, 30 Pa. 190; Bitzer v. Killinger, 46 Pa. 44; Carmony v. Hoober, 5 Pa. 305; Rockwell v. Langley, 19 Pa. 502; Meyers v. Hill, 46 Pa. 9; Treftz v. Pitts, 74 Pa. 343.

Where a magistrate, under the erroneous impression that he has not jurisdiction of the cause of action, disposes of the case as follows: "Plaintiff for costs," it is a judgment in favor of the defendant and becomes final, unless appealed from. Kase v. Best, 15 Pa. 101, 53 Am. Dec. 573.

The presumption that a former judgment between the parties in reference to a transaction covers the whole transaction is irrefragable, and cannot be overcome by the clearest proof that no evidence was given as to part by the plaintiff, or that the de-

fendant failed to take advantage of a defense that might have been available. Simes v. Zane, 24 Pa. 242; Kilheffer v. Herr, 17 Serg. & R. 319, 17 Am. Dec. 658.

The principle is the same, where the cause is heard and determined by arbitrators appointed by the parties or by rule of court. Bower v. Tallman, 5 Watts & S. 556.

To such a length is the operation of the principle extended that when the cause of action on which the judgment is rendered is entire, and therefore insusceptible of severance or apportionment, the estoppel will extend to the whole, and it cannot be shown that any part was withheld from the decision of the court or jury. Corbet v. Evans, 25 Pa. 310; Logan v. Caffrey, 30 Pa. 196; Hess v. Heeble, 4 Serg. & R. 246, 6 Serg. & R. 57; Carvill v. Garrigues, 5 Pa. 152; Duffy v. Lytle, 5 Watts, 130; Alcott v. Hugus, 14 W. N. C. 355.

This rule admits of no exception, and will not be relaxed, even on the clearest proof that no evidence was given as to part of the demand in controversy, or that it was overlooked by the jury in rendering their verdict. Brockway v. Kinney, 2 Johns. 210.

The mistake of a judge who tried the cause cannot relieve from the effect of a former recovery for matters prima facie within the bar of the judgment. Colburn v. Woodworth, 31 Barb. 381; Bellinger v. Craigue, 31 Barb. 534; Mondel v. Steel, 8 Mees. & W. 858.

A plea of a prior recovery for the same cause of action cannot be answered by a replication that the decision was not on the merits, without showing that the proceeding was such that they could not have been considered by the jury or court. Kilheffer v. Herr, 17 Serg. & R. 319, 17 Am. Dec. 658; Lewis v. Nenzel, 38 Pa. 222.

*P. B. Carter* and *V. Gilpin Robinson,* for defendant in error.—Former recovery is available as a defense only upon the ground that the case has been once before determined and decided. Such decision, however, must be upon the merits of the case, or, in other words, the merits of the case should have been considered. Keller v. Com. 1 Am. L. J. 156.

Formal entries are not expected or required from a justice, and the courts invariably look for the meaning and not for the words. The meaning to be drawn from the language used here

is a discontinuance or withdrawal of the suit, and therefore the judgment was not upon the merits; not a final judgment, and cannot be set up under the plea of former recovery. This case is ruled by Blair v. McLean, 25 Pa. 77, and Gibson v. Gibson, 20 Pa. 9.

But suppose the record is not clear as to what is meant by the justice; testimony is admissible to show as a fact that there has been no decision upon the merits. It would be a violation of the maxim, "that it is to the interest of the Republic that there should be an end of litigation," to refuse such evidence. Aiken v. Stewart, 4 W. N. C. 181; Follansbee v. Walker, 74 Pa. 306; Carmony v. Hoober, 5 Pa. 305; Coleman's Appeal, 62 Pa. 252; Crist v. Brindle, 2 Rawle, 121.

Whether or not the case was decided on its merits is a question for the jury. Chase v. Ninth Nat. Bank, 56 Pa. 355; Finley v. Hanbest, 30 Pa. 190.

OPINION BY MR. JUSTICE TRUNKEY:

The docket of the alderman shows that after the plaintiff had adduced evidence to establish his claim for goods sold and delivered, and the defendant had put in a counter demand which the (plaintiff) requested should be thrown out, judgment was entered for the defendant. It appears that the plaintiff's attorney refused to proceed with the case because of the denial of said request. At any stage in the cause, before judgment by the alderman, a plaintiff may withdraw or discontinue his suit, or take a nonsuit; and thereupon a judgment against him for costs will not bar another action for the same demand. Blair v. McLean, 25 Pa. 77.

Nothing in the docket entry shows that the suit was withdrawn or discontinued. On its face the docket shows a final judgment on the merits of the claim. It is formal as well as substantive. In a suit before a justice of the peace by a collector of taxes for a tax, the entry of the justice was that it appeared after hearing that he had not jurisdiction of the subject-matter; "therefore, plaintiff for costs." That was held to be not a formal judgment, but a substantive one which barred recovery in another action for the same tax. The plaintiff's remedy was by appeal, not by another suit. Kase v. Best, 15 Pa. 101, 53 Am. Dec. 573.

Had it been true that the justice at the time of the first suit

had no jurisdiction, the case would have been different. The giving of a false reason did not vitiate the judgment—that stood as if no reason had been expressed.

Where the docket sets forth the cause of action, the docket is the best evidence, and parol evidence is inadmissible to contradict or vary it. Coffman v. Hampton, 2 Watts & S. 377, 37 Am. Dec. 511.

Were it admissible to contradict or vary the entries of judgments on the dockets of aldermen and justices of the peace, by parol evidence, the mischief would be intolerable. The end of one litigation would often be the beginning of another before a different magistrate, and so on, until one or both the litigant parties would tire of a contest which the magistrate's judgment could not terminate. But parol evidence is admissible to explain, not to contradict, the record. Carmony v. Hoober, 5 Pa. 305.

And that rule applies to proper docket entries of justices of the peace.

When the record does not show the specific cause of action in the pleadings, the identity of the subject-matter of the action may be shown by proof *dehors* the record. Aiken v. Stewart, 4 W. N. C. 180.

In this case, upon that principle, it is competent to prove the very things which the plaintiff claimed before the alderman as "goods sold and delivered," for that is consistent with the entry, not contradictory.

Follansbee sued for a debt contracted to be paid to Follansbee & Walker, and defense was made on two grounds: one upon the merits, the other that Follansbee could not maintain the action in his own name; both were submitted to the jury, and verdict and judgment for the defendant. In a subsequent action by Follansbee & Walker, for use of Follansbee, for the same demand, it was held competent to prove by parol that the first action was decided alone on the ground that Follansbee could not recover in his own name. Follansbee v. Walker, 74 Pa. 306.

There was no contradiction in that—it explained that the judgment was on the point which defeated the plaintiff, because he had no right as legal plaintiff. So, in Coleman's Appeal, 62

Pa. 252, it was decided that whenever a judgment in a former case is relied on as conclusive in another suit, it may be shown by evidence *aliunde* not inconsistent with the record, that the particular point was not adjudicated, if in law judgment could have been rendered on any other. This principle has been often repeated.

Where two or more pleas, distinct as to subject, are of record, and the cause was decided on the issue raised by one only, parol proof of that fact is not inconsistent with the record, and explains the judgment. And where the plaintiff's claim is divisible, the pleadings not being specific as to the things in a subsequent action, if former recovery be relied on by one party, it is competent for the other to show that the particular thing was not presented and passed upon in the former action. But where the record shows a judgment against the plaintiff on the merits, proof that the plaintiff withdrew or discontinued the action would be in flat contradiction. Such proof, if admissible, would not explain, it would falsify, the record.

It was error to admit parol evidence to contradict the record; and the defendant's first point should have been affirmed.

Judgment reversed, and *venire facias de novo* awarded.