MILLER and another, executors of CHRISTOPHER MILLER, *against* THOMAS MILLER.

*Lancaster,*
*Saturday,*
*May 30.*

IN ERROR.

Arbitrators have no authority to award a nonsuit. If the plaintiff fails to attend, the proper award is that he has no cause of action.

THIS was a writ of error to the Common Pleas of *Dauphin*. By the record it appeared that the judgment had been entered upon the following award of arbitrators. " We " the referees within named, met at the time and place appointed, and were severally sworn. It appearing that the " plaintiffs had no notice, we continued the cause to *October* " 15th then next, at which time we again met; and it being " duly proved to us, that the plaintiffs were legally notified " of the time and place of meeting, and they not attending, " we are of opinion, that the plaintiffs be *nonsuited*." The error relied upon was the award of *nonsuit*, which *Laird* for the plaintiffs in error, contended, was beyond the authority of arbitrators.

*Elder* for the defendant in error.

TILGHMAN C. J. This suit was submitted to arbitrators, under the act of 20th *March* 1810. The question is, whether there is error on the face of the award. It appears, as set forth by the arbitrators, that the plaintiffs had no notice of the time and place of their first meeting. They therefore adjourned to another day, when the plaintiffs not appearing,

and proof being made that they had been served with notice, the arbitrators *were of opinion that the plaintiffs should be nonsuited.* These are their expressions, which are in the style of a court of justice, rendering judgment on a default. The act of assembly gives them no such power. They are sworn to try and decide the cause, and the very case of one of the parties not appearing is provided for. In such case, unless the absence of the party is occasioned by sickness, or other unavoidable accident, of which the arbitrators are to judge, they are directed *to investigate, examine and decide the cause.* They have acted in direct contradiction to this provision, for without investigation or examination, they made an order that a nonsuit should be entered. I am therefore of opinion, that the award is erroneous, and the judgment should be reversed.

YEATES J. The controversy between the parties is narrowed down to a single point, whether an award by arbitrators duly chosen under the act of 20th *March* 1810, wherein they say, " that having met according to adjournment, and " it being duly proved to us that the plaintiffs were legally " notified of the time and place of meeting, and they not " attending, we are of opinion that the plaintiffs be nonsuit- " ed," is good and valid?

This depends on the true construction of the tenth section of the act, which directs that the arbitrators shall, upon the appearance of both parties before them, or if one of them be absent, unless prevented by sickness, or some unavoidable cause, " proceed to investigate, examine and decide the " cause, suit or action to them submitted, and report their " determination, and make out an award," &c.

Have they then a power to award a nonsuit?

The arbitrators are sworn or affirmed to try all matters in variance submitted to them, justly and equitably, and to decide the law and the fact that may be involved in the cause; but I do not find any authority given to them to direct a nonsuit in the manner accustomed in courts of law. They have not all the powers of a court of law; and if they had in the particular case we are now enquiring about, it ought to be exercised in such a manner as not to superinduce a legal incongruity. Both parties have a right to appeal under the

restrictions contained in the eleventh section; but it seems absurd, that a plaintiff nonsuited and put out of court by his own default, should have that benefit. A plaintiff suffering a nonsuit voluntarily, will not be heard on a motion for a new trial; though when he has been nonsuited by the mistake of the judge in point of law, the court have in several instances ordered the nonsuit to be set aside without costs. 1 *W. Bl. Rep.* 670., 3 *Wils.* 338.

A plaintiff on a jury trial may refuse to receive a verdict, and may suffer a nonsuit; but such a right cannot be exercised when a cause has gone before referees, and they have decided on it. This point has been solemnly determined in this court, upon argument. The doctrine of nonsuits therefore does not seem applicable to such tribunals, nor have I found any case wherein referees, either in England or here, have awarded a nonsuit.

It is true, the arbitrators cannot pursue the literal expressions of the act, by " investigating, examining and deciding " the cause to them submitted," when the person instituting the suit will not attend and shew his ground of action, and exhibit the proofs in support of his demand; but it appears to me much more correct, and congenial to the true spirit of the arbitration act, in such case to state in the award, the nonattendance of the plaintiff after due notice, and that in consequence thereof they found he had no cause of action. This is the usual method pursued by referees in such instances, and much preferable to what has been done here, in every point of view. I am therefore of opinion, that the judgment should be reversed.

BRACKENRIDGE J. gave no opinion, having been unable from sickness to attend the argument.

Judgment reversed.