## Kase *versus* Best.

A justice of the peace having rendered judgment against the plaintiff for want of jurisdiction, as he supposed; although he had jurisdiction, and the judgment was therefore erroneous, it was binding on the plaintiff; and, not being appealed from, was a bar to another suit for the same cause of action, before another justice.

ERROR to the Common Pleas of *Columbia county*.

This was a suit by John Best *vs*. Simon P. Kase, in the Common Pleas of Columbia county, to August term 1840.—A case stated was agreed on, as follows:—

Case stated.—John Best *vs*. Simon P. Kase. In the Court of Common Pleas, No. , August term 1849. Appeal by defendant from the judgment of Wm. Kitchen, Esq.

The parties to the above stated suit agree to submit the same to the court, upon the following statement:—On the 12th day of October, 1848, John Best, collector of taxes of Mahoning township, instituted a suit against Simon P. Kase, for the recovery of the sum of $11.72, taxes assessed and charged against the said Simon P. Kase on the duplicate of taxes for the year 1843, in the hands of the said Best, as collector, and remaining unpaid at the time of bringing said suit. A transcript of the proceedings had in said suit before the justice, and of the action of the justice thereon, is contained in the paper hereto annexed, marked A, which transcript is made a part of this statement.

Afterwards, on the 21st day of April, 1849, John Best instituted another suit against said Kase, before William Kitchen, Esq., for the recovery of the same sum of $11.72, being for the same unpaid taxes for which the suit before John Horning, Esq., above mentioned, was brought. The act of Assembly authorizing collectors to sue and recover unpaid taxes, after the expiration of their warrants, was passed April 11, 1848, prior to the commencement of the action before Esq. Horning. The warrant of Best, as collector, had expired before the bringing of either suit. If the court are of opinion that the proceeding had before Justice Horning in the suit above stated, and the action of the justice in said suit, as set forth in the paper hereto annexed, marked A, constitute a good defence to the suit instituted before Wm. Kitchen, Esq., then judgment to be rendered for the defendant; but if the court are of opinion that the proceedings had before Justice Horning in said suit, do not constitute a bar to the action brought before Justice Kitchen, then judgment to be entered for plaintiff for $12.48— either party to have the right to take out a writ of error in this case.

[A.] The following is a summary of the proceedings before the first justice.—John Best *v*. Simon P. Kase. Summons issued the

[Kase *v.* Best.]

12th day of October, 1848, under $100. Defendant accepted the service to appear on the 18th day of October, 1848, at 10 o'clock in the forenoon. Plaintiff's plea, debt for tax for $11.72. Now, to wit, on the 18th day of October, 1848, parties appeared, and after hearing the parties, justice asks time until 2 o'clock in the afternoon. Now, to wit, on the 18th day of October, 1848, parties present. After hearing, it appeared that the plaintiff had no right to institute a suit before *no* court of common pleas, nor alderman, or justice of the peace, for tax, after the limitation of his warrant, or after the term of three years, according to the act of Assembly in such case made and provided; therefore plaintiff for costs.

JOHN HORNING, J. P.

The court below (ANTHONY, J.) directed judgment for the plaintiff for $12.48; and to such entry of judgment error was assigned.

The case was argued by *Baldy*, for plaintiff in error.
*Leidy*, for defendant.

July 29, 1850.—PER CURIAM.—The entry of the justice was, that it appeared, after hearing, that he had not jurisdiction of the subject matter : "therefore plaintiff for costs." This is not a formal judgment, but it is certainly a substantive one. As it made an end of the action without discontinuance or retraxit by the party, what else can it be ? It was clearly the intention to give final judgment for the defendant, and, that being evident, the magistrate is not to be held to strict form. There is no such thing, even in our courts of record, where the *ideo consideratum est* never shows its face; and to require even the word judgment to appear as a substitute for it on the docket of a magistrate, as it appears on the docket of the Common Pleas, would produce injustice. He erred in this case in supposing he had not jurisdiction; but his final judgment, though given on insufficient premises, bars a second suit. The defendant's remedy was an appeal; but, as he omitted it from ignorance of the justice's mistake, we are unable to relieve him.

Judgment of the court below reversed, and judgment here for the defendant in the case stated.