# S. F. Bowser & Company, Incorporated, Appellant, *v.* Sharping.

*Justice of the peace—Affidavit of defense—Evidence—Appeals—Act of July 7, 1879, P. L. 194.*

Where a defendant in an action before a justice of the peace files an affidavit of defense in compliance with the Act of July 7, 1879, P. L. 194, but at the hearing, the plaintiff although represented by counsel offers no evidence and the justice enters judgment dismissing the suit, such a judgment is a judgment of nonsuit from which no

appeal lies, inasmuch as the plaintiff's remedy is not by an appeal, but by the institution of another suit.

Argued March 1, 1910.   Appeal, No. 5, Jan. T., 1910, by plaintiffs, from order of C. P. Tioga Co., Sept. T., 1908, No. 191, dismissing appeal of judgment of justice of the peace in case of S. F. Bowser & Company, Incorporated, v. Sharping.   Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Appeal from justice of the peace.
Rule to strike off appeal.

CAMERON, P. J., filed the following opinion:
The plaintiff served with the summons an affidavit of claim with a copy of the contract upon which the action was founded.   The summons was returnable July 14, 1908.   The defendant filed an affidavit of defense.   On the return day S. F. Channell, of counsel for the plaintiff, appeared; the defendant did not appear.   Judgment was reserved by the justice to July 20, 1908, at nine o'clock, A. M.

The transcript contains the following entry: "After consideration had upon the statutory provisions relating to actions under the Act of July 7, 1879, P. L. 194, before justices of the peace whereby no proof other than the affidavits filed by the plaintiffs and defendant it is hereby held that, inasmuch as no evidence has been offered by the plaintiffs to substantiate their claim and cause of action the same is hereby dismissed and judgment of no cause of action is thereby entered."   The plaintiffs took this appeal July 7, 1908.   Defendant's counsel on August 18, moved the court to discharge and set aside the appeal taken "for the reason that the record shows no judgment of the said justice of the peace, O. H. Davis, Esq. in the above-entitled action in which an appeal could be taken."

On the same day the court granted a rule to show

cause why the appeal should not be stricken off and dismissed.

The plaintiffs contend that because Mr. Channell appeared on the return day the justice could not enter a nonsuit.

No case was cited at the argument and we have not been able to find any deciding the precise question now before us.

Section 6 of the Act of March 20, 1810, 5 Sm. L. 161, provides that: "In case the plaintiff does not appear, either in person or by agent to substantiate his charge the justice may then or at such other day as he may judge reasonable, proceed to give judgment against him by nonsuit for the costs and fifty cents per day for the reasonable costs of the defendant for his trouble in attending the suit; as the defendant did not attend, the justice could not give judgment for his trouble in attending.

Were we to eliminate the words "to substantiate his charge" the position taken by the plaintiffs' counsel would undoubtedly be correct; if the appearance is sufficient to authorize the justice to enter a judgment on the merits then the party aggrieved by the judgment has the right of appeal. It has been decided many times that a judgment of nonsuit could not be entered after a hearing. And, if the justice of the peace exceeded his jurisdiction by so doing the remedy is by appeal. There could be no judgment on the merits if no evidence was offered. How can it be said there was an appearance of the plaintiffs to substantiate their charge if he does not undertake to do so by submitting evidence in support of it? This idea was evidently in the mind of the justice when he reached a conclusion, because he sets forth in the record that "it is hereby held that inasmuch as no evidence has been offered by the plaintiffs to support their case and cause of action, the same is hereby dismissed." That is what he would have to do in the absence of evidence if the phrase "to substantiate his

charge" means anything. It is true the justice subsequently sets forth "and a judgment of no cause of action is hereby entered;" the justice could not say that the plaintiffs had no cause of action because no evidence was offered, but he could and did say that the plaintiffs had offered no evidence and therefore his action is dismissed:

Plaintiffs' counsel strenuously contended that under Gould v. Crawford, 2 Pa. 89, and Lawver v. Walls, 17 Pa. 75, the appearance of the plaintiffs' counsel without anything further, requires the justice to enter a judgment of no cause of action. By an examination of Gould v. Crawford, we find on p. 91, that "parties appeared and on the hearing justice ordered the plaintiff to be nonsuited because, as he says, the case is brought against Isaac and Stephen Gould instead of being brought against Isaac and Stephen Gould and others. It must be noted that it is the judgment of the justice and not a nonsuit or a discontinuance by the plaintiff, nor does it appear that he consented at the time to this disposition of the case. The question therefore is, Has a justice, after hearing the parties, their proofs and allegations, power to order a nonsuit?"

We insert this quotation to show that the judgment in that case was entered after a hearing and the court holds that, although it was in words a nonsuit, yet, as it was after hearing it is equivalent to a judgment that the plaintiffs have no cause of action.

The case of Lawver v. Walls, 17 Pa. 75, is not in point because, the quotation given from the record of the justice sets forth that "Parties appeared by an agent; plaintiffs not able to substantiate their claim."

This shows conclusively that an effort must have been made to substantiate their claim and the justice passed on the merits after such evidence. It is true the syllabus in the last case declares that a justice of the peace has no authority to enter a judgment of nonsuit after an appearance by the plaintiff, but that assertion is not justified by what follows because the docket of the justice

declares "plaintiffs not able to substantiate their claim." The question presented to the jury in that case was: Was the suit before Deemer for the same cause of action now trying? The jury found that it was. The case is very meager in details, but sets forth sufficient to show that the plaintiff had made an unsuccessful effort to substantiate his claim and failed; hence it is a judgment on the merits, the only remedy for which is by appeal. In disposing of the case last cited the court in a per curiam opinion say: "Gould v. Crawford settles the present case." But we have seen that in the latter case the "parties appeared and on the hearing the justice ordered the plaintiff to be nonsuited because, as he says, the suit is brought against Isaac and Stephen Gould instead of being brought against Isaac and Stephen Gould and others. It must be noticed that it is the judgment of the justice of the peace and not a nonsuit or discontinuance of the plaintiff. . . . The question therefore is, Has a justice after hearing the parties, their proofs and allegations, power to order a nonsuit and if he undertakes to do so what is the legal effect of his decision?" Thus it appears that there was a full hearing in Gould v. Crawford and that the latter case rules Lawver v. Walls—for the same reason. In each case it was held that after hearing before a justice the remedy is by appeal, no matter what form the justice uses in making his decision.

These two cases were cited by Justice WILLIAMS in Vought v. Sober, 73 Pa. 49. In that case suit was brought on a note. On the return day both parties appeared and again on the day to which the hearing was adjourned. On the day finally set for hearing the plaintiff did not appear, whereupon judgment of nonsuit was entered. On a second suit on the same note the court below, in substance, held that the former suit was a bar to a recovery. On appeal by plaintiff the court below was reversed on the ground that, although he appeared on the return day, nonappearance on the day set for hearing only authorized a judgment of nonsuit which was no bar

to the action pending. In disposing of the case Justice WILLIAMS said: "It (meaning the judgment of nonsuit) was not rendered after hearing their proofs and allegations as was the judgment of nonsuit in Gould v. Crawford, 2 Pa. 89, which was consequently held to be final regardless of its form; nor was it entered after the appearance of the parties on hearing as in Lawver v. Walls, 17 Pa. 75, because the plaintiff was not able to substantiate his claim."

We have quoted from Vought v. Sober, to show that the Supreme Court in that case took the same view of Gould v. Crawford and Lawver v. Walls expressed by us, and that they do not sustain the contention of plaintiffs' counsel, because in both cases there was an appearance and an attempt to substantiate the claims.

These two cases are often cited to support the proposition that there is no appeal from a judgment of nonsuit entered by a justice of the peace on default of plaintiffs' appearance.

Plaintiffs' counsel also cited Blair v. McLean, 25 Pa. 77, and Gibson v. Gibson, 20 Pa. 9. In the former case the court held that when the parties appear and submit their proofs and allegations the plaintiff may become nonsuited at his own motion. Judge BLACK in delivering the opinion said: "When the parties in a suit pending before a justice of the peace appear and submit their proofs and allegations the justice cannot order the plaintiff to become nonsuited. If he attempts to do so and enters his judgment in that form upon the record it will be considered equivalent to a judgment in proper form for the defendant and no other suit can afterward be brought for the same cause of action." This case simply holds that the plaintiff has the right to withdraw or discontinue his suit at any time before the justices pronounce upon it. It is also said by Justice BLACK in concluding his opinion that, "The cases which decide that the justice cannot give a judgment of nonsuit against him (plaintiff) after he appears have no applications here." This

is mere dictum and the cases cited by his honor in support of that dictum are Gould v. Crawford and Lawver v. Walls, 17 Pa. 75. We have already shown by these cases that in addition to an appearance there was a hearing.

Gibson v. Gibson decides substantially the same question that is decided in Blair v. McLean. The justice's record in Gibson v. Gibson sets forth: "July 6, plaintiff appeared, draws the suit and confesses judgment for costs." But these cases hold that the plaintiff had the right to do that and, if he did so it was no bar to another action on the same cause. Hess and Valentine's "Practice in the Subordinate Courts" was also cited by plaintiffs' counsel.

We have examined that citation very carefully. It upholds the doctrine set forth in Gibson v. Gibson and Blair v. McLean, 25 Pa. 77. This authority holds that if evidence has been taken and judgment entered for the plaintiff he cannot then discontinue, neither can he bring another action on the same cause and that a judgment of nonsuit for want of an appearance is no bar to a new action even though the justice enters it as judgment in default of an appearance.

There is nothing in any of these authorities to sustain the contention of plaintiffs' counsel that a mere appearance without evidence requires the justice to enter a judgment on the merits.

In Selfridge v. Tilgham, 1 Phila. 580, it was held that there is no appeal from a judgment of nonsuit entered by an alderman or justice of the peace because of the nonappearance of the plaintiff. In disposing of the case the court said: "It is further provided in the same section that if the plaintiff does not appear either in person or by agent, to substantiate his charge, the justice may then, or at such other day as he may deem reasonable, proceed to give judgment against him by nonsuit; but from this judgment of nonsuit there is no appeal given, as there is in the case of a judgment by default against the defendant, and the reason for the distinction is obvious; on the

one hand the defendant may elect to try his case before the alderman, reserving his rights of appeal, or he may choose to let judgment be entered against him by default, having determined to submit his case to the consideration of a court and jury.

But, on the other hand, if a plaintiff having instituted his suit and having brought the defendant in to answer his demand at a time and place selected by himself, neglects to appear and prove his claim, the statute directs that he shall be punished by having imposed upon him the costs of suit and defendant's costs for attendance and from this there is no appeal; the act does not give it to him and we can see nothing in the law that favors the extension of that right by implication, but, on the contrary, an obvious intention to compel the payment of costs before he shall be permitted to proceed by the institution of new proceedings.

Sections 4 and 6 of the act of March 20, 1810, contain the only authority given a justice to enter judgments of any kind except where the demand is less than $5.23, and except the authority given by the act of 1879, neither of which apply here. Section 6 sets forth the conditions under which the justice is authorized to enter a judgment of nonsuit, to wit: When the plaintiff does not appear to substantiate his claim. If these conditions happen the effect of the judgment is simply that of a nonsuit no matter what form of expression the magistrate uses; from this there is no appeal, but it is not a bar to a new action on the same cause. Section 4 sets forth the conditions under which the justice is authorized to enter a judgment on the merits, to wit: When he has heard and examined the proofs and allegations. If he has heard and examined the proofs and allegations the judgment is final, no matter what form of expression he uses in the entry thereof, and the aggrieved party's only remedy is by appeal. The conclusion in the first case is a consequence of a lack of evidence. The conclusion in the second case is a result of the evidence.

To give the effect to the statute, contended for by the plaintiffs' counsel, we must eliminate or consider redundant and meaningless the phrase "to substantiate his charge."

The fact that a given construction would make a word redundant is some reason for its rejection, for, it being presumed (wherever that presumption can be sustained) that the legislature meant precisely what it said, no word in it (the statute) is to be treated as unmeaning if a construction can be legitimately found which will preserve it and make it effectual. And the same rule forbids the rejection as meaningless or superfluous of any clause in the statute: Endlich on the Interpretation of Statutes, sec. 23.

Applying these rules to the statute in hand, we must give effect to the phrase "to substantiate his charge." There is nothing to prevent us in so doing. The statute is plain, unambiguous and easily understood; and, giving effect to every word in it, it simply provides that, if the plaintiff does not appear to substantiate his charge, the justice may then, or at such other day as he may judge reasonable, proceed to give judgment against him by nonsuit. Not only must he appear, but he must appear to substantiate his charge. This he did not do. Failing to make the attempt by evidence the justice had no authority to do more than to give judgment against him by nonsuit. No matter what expressions the justice used in entering his decision on the record, the effect of it would simply be a judgment against the plaintiff by nonsuit from which there is no appeal.

From the foregoing conclusions it follows that the judgment in this case is but a nonsuit from which there is no appeal, and which is no bar to another action. The appeal must, therefore, be dismissed and stricken off.

And now, March 22, 1909, after argument and due consideration had, the appeal is dismissed and stricken off.

*Error assigned* was the order of the court.

*S. F. Channell,* with him *F. E. Watrous* and *H. F. Marsh,* for appellants, cited: Gould v. Crawford, 2 Pa. 89; Lawver v. Walls, 17 Pa. 75; Blair v. McLean, 25 Pa. 77; McCahan v. Reeder, 10 Pa. Dist. Rep. 298; Selfridge v. Tilghman, 1 Phila. 580.

*A. B. Dunsmore* and *P. J. Edwards,* for appellee, cited: Penna. Pulp & Paper Co. v. Stoughton, 106 Pa. 458; Gould v. Crawford, 2 Pa. 89; Lawver v. Walls, 17 Pa. 75; Vought v. Sober, 73 Pa. 49; Selfridge v. Tilghman, 1 Phila. 580.

OPINION BY HEAD, J., July 20, 1910:

The appellant began this action before the justice of the peace by filing the affidavit of claim provided for in sec. 2 of the Act of July 7, 1879, P. L. 194. The affidavit was duly served with the summons. The defendant in turn filed within the proper time the affidavit of defense provided for in the same section. As that act confers upon the magistrate no power to enter a judgment for want of a sufficient affidavit of defense, and does not attempt to make either of these ex parte affidavits evidence to be considered by the magistrate, it had no further effect or significance in the case. The further procedure, the rights and obligations of the parties, and the powers and duties of the magistrate are regulated by the act of 1810.

The plaintiff then remained the actor, and when the time fixed for a hearing had arrived the following portion of sec. 6 of the act of 1810 became operative: "And in case the plaintiff does not appear, either in person or by agent, to substantiate his charge, the justice may then proceed to give judgment against him by nonsuit for the costs," etc. From such a judgment there would of course be no appeal because the plaintiff would have the right to begin another action.

At the hour fixed for the hearing the counsel representing the plaintiff presented himself at the office of the magistrate. He demanded no hearing, he presented no witness, he offered no evidence, he did nothing to substantiate the plaintiff's

charge, unless his physical presence there can be taken to be such a compliance with the obligation of the act as would prevent the entry of a judgment of nonsuit. With matters in this state the magistrate, after consideration, entered a judgment, the substance of which is declared in the following language taken from his transcript, viz.: "Inasmuch as no evidence has been offered by the plaintiffs to support their case and cause of action, the same is hereby dismissed and a judgment of no cause of action is hereby entered."

The plaintiff then took an appeal from this judgment to the court of common pleas. A motion was made to strike off the appeal. After argument the court reached the conclusion that the judgment entered by the magistrate was in substance, if not in form, but a judgment of nonsuit, and that the plaintiff's remedy was not by appeal but by bringing another action.

In this view the majority of the judges of this court concur. The opinion filed by the learned court below carefully considers the language of the statute, reviews and analyzes all of the decisions of the Supreme Court which are cited in the briefs of counsel, or that we have been able to discover that affect the question, and as we think so well vindicates the conclusion he reached, that no good purpose could be subserved by any attempt on our part to further elaborate his reasoning. The judgment is therefore affirmed on that opinion, which the reporter will print as part of the report of the case.

Judgment affirmed.