## Passarelli, Appellant, *v.* Morello.

*Justice of the peace—Res adjudicata—Nonsuit.*

1. A judgment of a justice of the peace is not a bar to a subsequent suit, where it appears from the justice's record that the judgment was in fact a mere nonsuit entered without the appearance of the defendant, and without any hearing of the parties or their proof.

2. In an action before a justice of the peace a previous judgment of another justice was set up as a bar. The record of the previous judgment was as follows: "Plaintiff appears, defendant not appearing, and for the reason of a previous case being certioraried and the case reversed by the court, and justice hearing that the costs in the previous case were not paid, justice dismisses the case." *Held*, that the judgment was merely one of nonsuit, and was no bar to the action against which it was pleaded.

3. Where an appeal is taken from an order entering judgment for defendant n. o. v., and it appears that the court below did not dispose of a pending motion for a new trial for the pronounced reason that it was unnecessary to do so, the appellate court in reversing the judgment will send the record back to the court below to dispose of the motion for a new trial with instructions that if a new trial is refused verdict shall be entered for plaintiff on the verdict.

Argued May 15, 1912. Appeal, No. 186, April T., 1912, by plaintiff, from judgment of C. P., Butler Co., June T., 1912, No. 125, for defendant n. o. v. in case of L. Passa-

relli v. Tony Morello. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Appeal from judgment of the peace. Before GAL-BREATH, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant n. o. v.

*W. H. Martin,* for appellant, cited: Haws v. Tiernan, 35 Pa. 192; Blair v. McLean, 25 Pa. 77; Gibson v. Gibson, 20 Pa. 9; Fisher v. Longnecker, 8 Pa. 410; Carmony v. Hoober, 5 Pa. 305; Weigley v. Coffman, 144 Pa. 489; Robb v. Coal Co., 216 Pa. 418; Buchanan v. Banks, 203 Pa. 599; Levison v. Blumenthal, 25 Pa. Superior Ct. 55.

*W. D. Brandon,* of *Brandon & Brandon,* for appellee, cited: Gould v. Crawford, 2 Pa. 89; Lawver v. Walls, 17 Pa. 75; Kase v. Best, 15 Pa. 101; Roney v. Westlake, 216 Pa. 374.

OPINION BY HEAD, J., October 14, 1912:

This case came into the common pleas by appeal from the judgment of a magistrate. From the pleadings we learn that the plaintiff sued to recover the sum of about $50.00 alleged to be due for bread furnished to the defendant. The latter defended, first, on the ground that he had paid all he owed. The verdict of the jury, however, determined that contention against him. The second ground of defense advanced was that the plaintiff had, before the beginning of the present action, sued on the same claim before another justice; that the latter had rendered a final judgment adverse to the plaintiff which had never been appealed from, and which was therefore a bar to a recovery in the present action. Following the verdict the defendant filed motions for a new trial and for judgment n. o. v. The latter motion was granted and

judgment entered for the defendant. This action of the court below, in the opinion of the learned trial judge, rendered "unnecessary any consideration of the reasons assigned in support of the motion for a new trial." The plaintiff then took this appeal.

The facts out of which the legal question arose were briefly these: The plaintiff began an action before Justice McNally to recover his claim and obtained a judgment. On certiorari the common pleas reversed this judgment for some defect in the record which does not here appear. The plaintiff then began another action on the same claim before the same magistrate. The summons was duly served. On the return day the transcript, certified as part of this record, shows the following transpired: "March 24, 09. Plaintiff appears, defendant not appearing, and for the reason of a previous case being certioraried and the case reversed by the court, and justice hearing that the costs in the case previous were not paid, justice dismisses the case."

From what is disclosed by the transcript quoted, the learned court below reached the conclusion that such a final judgment had been rendered by the magistrate that the plaintiff was confined to his remedy by certiorari or appeal, and, as a consequence, his later action was thereby barred. This conclusion was predicated chiefly, if not entirely, on the idea that the case in hand was ruled by Gould v. Crawford, 2 Pa. 89.

The general principle on which a former judgment between the same parties, on the same cause of action, has always been held to be conclusive until reversed or set aside, is too plain to need elaboration here. But it is equally clear that where it appears that the former judgment, pleaded as a bar, had not followed any hearing of the parties or their proofs but went off on some collateral issue not in any way affecting the merits of the controversy, such plea could not be sustained and such judgment would not be a bar to another action. Looking first at the language of the transcript quoted, we cannot gather from it

that the plaintiff in that proceeding had any hearing.  The transcript furnishes no intrinsic evidence that the conclusion reached by the magistrate followed a hearing of the plaintiff's cause of action.  On the contrary, it seems to us to furnish undeniable evidence that the magistrate, without hearing the proofs or allegations of either party, for a reason evolved by himself, founded on no fact that appeared in evidence, determined that the plaintiff had no right even to be heard, and therefore declined to hear him.

Do the cases relied on by the learned court below warrant the conclusion that such a judgment was in substance and effect anything more than a judgment of nonsuit which, when entered without a hearing, would not bar a subsequent action?  When we come to examine the case of Gould v. Crawford, we are left in no doubt as to the controlling question involved and as to what was decided, for Mr. Justice Rogers says in his opinion: " The question, therefore, is, has a justice, after hearing the parties, their proofs and allegations, power to order a nonsuit; and if he undertakes to do so, what is the legal effect of his decision?  Is it a bar to a future suit between the same parties, or may the plaintiff maintain another suit before the same, or another justice?"  The authoritative force of the decision in that case is therefore manifestly to be confined to a judgment, which, whether in form a judgment of nonsuit or not, was in reality a final judgment "after hearing the parties, their proofs and allegations."

In Lawver v. Walls, 17 Pa. 75, following Gould v. Crawford, 2 Pa. 89, it was shown by the docket of the magistrate that the parties had appeared and that the plaintiffs were not able to substantiate their claim, whereupon the defendant asked and the justice granted a judgment of nonsuit.  It was held that such a judgment barred a subsequent action because, although in form a judgment of nonsuit, which the magistrate had no right to enter after a hearing, it was in effect a final judgment following a determination that the plaintiffs had been unable to substantiate their claim.  This plainly could mean nothing

else than that a hearing had been had; that the plaintiffs had been given the opportunity to furnish such proof as was within their power, and had failed to make good their case. In Kase v. Best, 15 Pa. 101, the Supreme Court said: "The entry of the justice was, that it appeared, after hearing, that he had not jurisdiction of the subject-matter: 'therefore plaintiff for costs.'" Here again the all-important fact is disclosed that the court takes cognizance of the nature and substance of the judgment rendered rather than of its form, and if it appear that the judgment was entered after a hearing, then there is no room for argument that it was not intended to be a final judgment. It would then of necessity be the end of the controversy between the parties until reversed or set aside.

In this case, as we have already indicated, the language of the magistrate, to our minds, excludes the idea that there had been any hearing at all. It convinces us that his conclusion was reached before the plaintiff had any opportunity to present any evidence to support his cause of action. Certainly this record would not have sustained a judgment in favor of the plaintiff because it would have failed to show that there was any hearing or any evidence received from the plaintiff or his witnesses to substantiate his claim. Without this there would be nothing to support a judgment in his favor.

In Vought v. Sober, 73 Pa. 49, it was held that where the plaintiff had appeared on the return day of the summons, but the hearing had been postponed by continuance, and the plaintiff failed to appear on the date to which the hearing was postponed, a judgment of nonsuit was properly entered against him and such judgment was no bar to a subsequent action. The case at bar, in our opinion, more nearly resembles that of Bowser & Co. v. Sharping, 43 Pa. Superior Ct. 353. In that case the plaintiff appeared by his counsel at the time fixed for hearing but did nothing whatever to substantiate his claim. The magistrate thereupon entered the following judgment: "Inasmuch as no evidence has been offered by the plain-

tiffs to support their case and cause of action the same is hereby dismissed and a judgment of no cause of action is hereby entered." This judgment, never having been appealed from or reversed, was pleaded in bar of a subsequent action. Judge CAMERON, before whom the second case was tried, in a careful opinion undertook to demonstrate that the judgment of the magistrate was nothing more in substance than a judgment of nonsuit following the failure of the plaintiff to appear and substantiate his claim, and, as a consequence, the plea of a former judgment was unavailing. This court affirmed that judgment, holding that under the act of 1810 it was competent for the magistrate to enter a judgment of nonsuit unless the plaintiff appeared to substantiate his charge; that the mere physical presence of his counsel in the office of the magistrate did not amount to the appearance, contemplated by the act, which made the judgment rendered by the magistrate a final judgment after hearing rather than a preliminary one of nonsuit.

For the reasons thus indicated we are of opinion the learned court below fell into error in entering judgment for the defendant non obstante veredicto. Were there nothing else in the record it would be our duty to enter, or direct the entry of a judgment for the plaintiff on the verdict, but the defendant has pending in the court below a motion for a new trial. It affirmatively appears that the reasons for this motion were not considered or disposed of. They may complain that the verdict of the jury on the issue of fact was reached because of trial errors in the court below upon which the defendant has had no opportunity to be heard. We must therefore, while reversing the judgment for the defendant, send the record back so that the learned trial judge may dispose of the motion for a new trial, and if that be refused, may then enter judgment for the plaintiff on the verdict. This will preserve to the defendant any rights he may have to avail himself of exceptions taken during the trial.

Judgment reversed, record remitted, etc.