## Mt. Holly Feed & Grain Co., Inc., v. Shriver

*Davies & Harrigan*, for plaintiff.

*F. J. Templeton*, for defendant.

REESE, P. J., December 28, 1935.—The plaintiff's statement of claim avers that the defendant is indebted to the plaintiff for goods sold and delivered, in the sum of $139.54. The new matter in the defendant's affidavit of defense avers that the plaintiff brought suit on April 11, 1935, before Clinton L. Boyer, a justice of the peace of the Borough of Mount Holly Springs, for the same debt that is the subject of the present action, and, after a hearing at which testimony was submitted by plaintiff and defendant, the justice dismissed the case; that the plaintiff did not appeal and that the disposition of the case by the justice constitutes a final determination of the plaintiff's claim which became res adjudicata.

The plaintiff has moved for judgment for want of a sufficient affidavit of defense, contending that the disposition of the case by the justice was not a final determination of the plaintiff's claim, but amounted to a nonsuit, and hence does not bar the present action. It appears from the record that the plaintiff, after the decision by Justice of the Peace Boyer, instituted a second action before William Dosh, a justice of the peace of the Borough of Carlisle. The defendant interposed the defense that the matter was res adjudicata, but Justice of the Peace Dosh rendered judgment for the plaintiff, from which the defendant appealed to this court.

Attached to the affidavit of defense now before us is a copy of the transcript of Justice of the Peace Boyer, before whom the first suit was tried. From this, it appears that at a hearing held April 17, 1935, testimony was submitted by plaintiff and defendant; that at an adjourned hearing on April 19, 1935, further testimony was submitted by both parties. The transcript further recites:

"After hearing proofs and allegations, I, the said justice, reserve my decision until the 23rd day of April, 1935, at 7 p. m., and now, April 23rd, 1935, at 7 p. m., . . . I, the said justice, render my decision publicly. Case dismissed, costs placed upon plaintiff."

A justice of the peace has power to enter a nonsuit "in case the plaintiff does not appear, either in person or by agent, to substantiate his charge": Act of March 20, 1810, 5 Sm. L. 161, sec. 6, 42 PS §471. Under this provision, a judgment of nonsuit is not a bar to a subsequent action. But it must be carefully noted that the justice can enter judgment of nonsuit only when the plaintiff has not appeared to substantiate his charge or claim. If testimony has been submitted the justice has no power to enter a compulsory nonsuit, and if he does so it amounts to a judgment for the defendant. The plaintiff's only remedy is an appeal, and if no appeal be taken such a judgment has the effect of an unreversed judgment on the

merits and will bar another suit for the same cause of action.

These principles are fully sustained by the decisions of our courts. In Gould v. Crawford, 2 Pa. 89, after hearing testimony the justice ordered a nonsuit. It was held that the justice had no power to enter a nonsuit with the ordinary incidents thereof, that the nonsuit was equivalent to a judgment against the plaintiff, that the only remedy was by appeal to the court of common pleas, and that a second action could not be maintained. In Kase v. Best, 15 Pa. 101, the justice, after hearing testimony, dismissed plaintiff's action for want of jurisdiction. Although he had jurisdiction, and his disposition of the case was erroneous, the court held it was binding on the plaintiff, and, not being appealed from, was a bar to another suit for the same cause of action before another justice. In Lawver v. Walls, 17 Pa. 75, it was held that a justice of the peace, after hearing testimony, has no authority to enter judgment of nonsuit, but where such judgment is entered the remedy of the plaintiff is by appeal and not by the institution of another action. In Leslie v. Hornung et ux., 7 D. & C. 236, the facts were identical with those in the case now before us. The justice before whom plaintiff's first action was tried heard testimony submitted by both parties and, finding no cause of action, made the following order: "And now, July 17, 1923, the case is dismissed and the costs of the same being placed on the plaintiff." No appeal was taken, but the plaintiff proceeded de novo. The court held that the judgment of the justice was a bar to a second suit. The same facts arose in Buzzard et al., Admr., v. Newhart, 4 Lanc. L. R. 61, where the justice ordered the suit "dismissed at plaintiffs' costs". It was held that this judgment barred a second suit. Similar results were reached on similar facts in Dawson v. Booher, etc., 26 Pa. C. C. 136, and Krug & Co. v. Sprenkle, 1 York 153.

In S. F. Bowser & Co., Inc., v. Sharping, 43 Pa. Superior Ct. 353, the plaintiffs brought suit before a justice, but at the hearing the plaintiffs, although represented

by counsel, offered no evidence. The justice entered judgment as follows: ". . . inasmuch as no evidence has been offered by the plaintiffs to support their case and cause of action, the same is hereby dismissed and judgment of no cause of action is hereby entered." The plaintiffs took an appeal, which was stricken off and dismissed for the reason that there had been, in effect, a judgment of nonsuit, authorized by the Act of 1810, supra. It was held that the plaintiffs' remedy was not by an appeal but by the institution of another suit. But the court pointed out, at page 355:

"It has been decided many times that a judgment of nonsuit could not be entered after a hearing. And, if the justice of the peace exceeded his jurisdiction by so doing the remedy is by appeal."

Applying the foregoing principles to the present case, it follows that, since the justice heard testimony and dismissed the action, his disposition of the matter was not a nonsuit authorized by the Act of 1810, supra, but was a judgment against the plaintiff, whose only remedy was by appeal. The second suit was, therefore, barred. Nor is it material that the judgment of the justice was expressed in language indicating a nonsuit. In S. F. Bowser & Co., Inc., v. Sharping, supra, at page 360, the Superior Court said:

"If he has heard and examined the proofs and allegations the judgment is final, no matter what form of expression he uses in the entry thereof, and the aggrieved party's only remedy is by appeal."

In Kase v. Best, supra, at page 102, the court said:

"It was clearly the intention to give final judgment for the defendant, and, that being evident, the magistrate is not to be held to strict form . . . and to require even the word *judgment* to appear . . . on the docket of a magistrate, as it appears on the docket of the Common Pleas, would produce." (Italics ours.)

And now, December 28, 1935, the rule for judgment for want of a sufficient affidavit of defense is discharged, and the plaintiff is directed, within 15 days from this date, to

file a reply to the new matter alleged in the affidavit of defense.

From Francis B. Sellers, Carlisle.