## Talhelm v. Buggy

*James H. Stewart, Jr., Nauman, Smith, Shissler & Hall*, for plaintiff.

*Heath L. Allen, Hull, Leiby & Metzger*, for defendant.

NEELY, J., December 27, 1955.—This matter is before the court on plaintiff's petition for rule to show cause why the award of arbitrators, appointed pursuant to the Act of January 14, 1952, P. L. 2087, 5 PS

§22, et seq., should not be stricken off. We granted the rule as prayed for in the petition. The Act of 1952 amends the Act of June 16, 1836, P. L. 715, 5 PS §1. The petition challenges the constitutionality of the amending statute of 1952 and our rules of court adopted pursuant thereto.

The Act of 1836 made provision for an elaborate system of reference and arbitration. Sections 8 to 38, inclusive, of that statute provided for compulsory arbitration at the instance of "either party in any civil suit". Certain of these sections were amended by additions and changes in the 1952 statute which provided that the court by rule may order compulsory arbitration as to all parties for claims of $1,000 or less, to be heard by a board of three arbitrators selected from the members of the bar.

Under the 1952 Act, the fees of the arbitrators must be repaid to the county by any person taking an appeal from their award to the court of common pleas where a jury trial may be had, which amount is forfeited regardless of the outcome of the case in court. Under our rule of court, rule 14, the fees of the arbitrators are fixed at $100, $40 to the chairman of the board and $30 to each of the other two arbitrators.

The award of the arbitrators in this case was for defendant, and plaintiff in his petition for rule has asked for alternative relief, (1) either that the award be stricken off as contrary to law because the Act of 1952 and our rules of court are unconstitutional and invalid or, alternatively, (2) that the matter be referred back to the arbitrators to file an amended report and award.

It appears that on January 10, 1955, the prothonotary appointed a board of arbitrators consisting of William J. Madden, Jr., Paul J. Smith and Richard D. Walker, who are members of this bar, to arbitrate the suit instituted on plaintiff's complaint in trespass

claiming damages in the sum of $640.15. On March 25, 1955, the arbitrators filed their award as follows: "Deft's motion for compulsory nonsuit granted." When this form of award was brought to our attention, by order dated April 7, 1955, we referred the matter back to the arbitrators to amend their award; whereupon, on April 11, 1955, without taking any further testimony, the arbitrators made the following award:

"And Now, the 11th day of April, 1955, we the undersigned Arbitrators chosen in this case, after having been duly sworn, and *having heard the evidence and allegations of the parties,* do award and find as follows: We find for the Defendant." (Italics supplied.)

It was conceded at the argument of this case by both parties that defendant was not called as a witness and no testimony was taken after the matter was referred back to the arbitrators to correct their erroneous entry of a nonsuit.

Plaintiff contends that the 1952 Act is unconstitutional. He claims that the 1952 statute contravenes article III sec. 7, of the Constitution of this Commonwealth because it is special legislation. The Supreme Court recently decided in the Smith Case, 381 Pa. 223 (1955), that the Act of 1952 does not offend against this provision of our Constitution. It was held in the Smith Case that the Act of 1952 does not amount to an improper classification in violation of article III, sec. 7, of the Constiution which forbids the passage of special laws, since the Constiution requires only that the basis for classification be reasonable and founded upon a genuine and not merely an artificial distinction. The court found compulsory arbitration of claims of $1,000 or less, in the manner provided in the act, to be an entirely reasonable classification.

Plaintiff contends, however, that in the Smith Case the Supreme Court decided merely that the Act of

1952 did not constitute an infringement of the right of trial by jury, and that the opinion of the court, to quote from plaintiff's brief, gave "very little consideration" to article III, sec. 7, of the Constitution of this Commonwealth. We disagree with this contention of plaintiff. The question as to whether the Act of 1952 contravenes article III, sec. 7, of the Constitution as being special legislation was directly raised and disposed of by the Supreme Court in the Smith Case. The Supreme Court's decision was adverse to the contention which plaintiff advances in this case.

The Supreme Court decided in the Smith Case that the Act of 1952 did not infringe upon the right of trial by jury, but that the Lancaster County rule of court requiring the payment of arbitrators' fees of $75 for a claim of $249.19 should be amended so as to adjust the fees to "provide for a lower rate of compensation where only a comparatively small claim is involved", and should also be amended to provide that arbitration under the Act of 1952 should be for $1,000 or less, and not for $500 or less as the Lancaster rule provided. The court also clearly decided that the Act of 1952 did not contravene article III, sec. 7, of the Constitution of this Commonwealth. We quote from the Supreme Court's opinion, at page 235:

"Our conclusion is that the Act of January 14, 1952, P. L. 2087, is constitutional and in all respects valid, but that Rule 43 of the Court of Common Pleas of Lancaster County should be amended. . . ."

Plaintiff contends that the Supreme Court did not give consideration to the provision of article III, sec. 7, which prohibits the legislature from changing the manner of the collection of debts. Since the court was disposing of the objection in that case that the Act of 1952 was in violation of article III, sec 7, of our Constitution, it is fair to assume that the court would not have reached the conclusion it did if it had enter-

tained any doubt as to whether the Act of 1952 violated any of the provisions of the very section of the Constitution that it was then considering. See Burche Co. v. General Electric Company, 382 Pa. 370, 373 (1955), footnote. It is to be noted that the Supreme Court said in the Smith Case that it was of the opinion that the Act of 1952 is "in all respects valid".

The basic statute, of course, is the Act of 1836 which provides for compulsory arbitration in sections 8 to 38, inclusive. The amendment of 1952 does not create a new method for collecting debts in authorizing the courts by appropriate rule to make arbitration compulsory upon all parties in claims not exceeding $1,000. In our judgment, since the basic statute and the amendment both relate to compulsory arbitration, the amending act makes no change in method. It is required, of course, in accordance with the Supreme Court's ruling in the Smith Case, that reasonable rates of compensation be provided so that the cost of taking an appeal is not so onerous as to be prohibitive, particularly in the case of small claims.

Plaintiff contends that the Act of 1952 is invalid because it violates article V, sec. 15, of the Constitution which provides that: "All judges required to be learned in the law, . . . shall be elected. . . ." The board, of course, is invested with certain powers that are judicial in their nature. They must find facts and reach legal conclusions. Some of the functions performed by the Public Utility Commission are quasi-judicial. The books are replete with cases indicating that in the administration of the Workmen's Compensation Laws the referees and the Workmen's Compensation Board discharge duties that are judicial in nature. None of these State officials are judges any more than are masters or auditors appointed by the court in certain cases. The arbitrators under this act fulfill the same functions that they do under the basic

Arbitration Act of 1836. They were not judges in 1836 and are not judges now. This contention is utterly lacking in merit.

This matter was referred back to the board to amend its award because the board of arbitration erroneously entered a compulsory nonsuit. The power of the court of common pleas to grant a compulsory nonsuit was first given in the Act of March 11, 1875, P. L. 6, sec. 1, 12 PS §645, with the right reserved to plaintiff to move to set aside the judgment of nonsuit. Prior to this act, even the common pleas court could not enter a compulsory nonsuit. Arbitrators, even within the limits of their jurisdiction, do not possess all of the powers of the court, and the entry of a nonsuit is a power which they definitely do not possess. See Clark v. Davidson, 83 Pa. Superior Ct. 79 (1924) ; Miller v. Miller. 5 Binney 62 (1812) ; Gould v. Crawford, 2 Pa. 89 (1845) ; Pa. R. C. P. 1048($a$) ; vol. 6, Standard Pa. Practice, sections 17 and 18, pp. 16, 17.

After the matter was referred back to the arbitrators, however, they entered an award without taking additional testimony. To discharge their duties under the Arbitration Act of 1952, it is the duty of the arbitrators either to hear all parties, or at least to afford an opportunity to hear the testimony of all parties. We think that any party to litigation that is being arbitrated would have the right to call upon his adversaries to testify. The letter and spirit of arbitration require that litigants be heard. Arbitration is not comparable to a trial nisi prius, where a defendant is within his rights in requiring plaintiff to prove his case before a jury, otherwise to move for a nonsuit. The theory of arbitration is that the parties litigant come before the board and state their respective positions. We do not say a litigant is required to testify if he desires not to do so and his opponent does not insist upon it

But we do say that every litigant must at least make his testimony available. It will be noted that under the heading "Award of Arbitrators", the arbitrators in this case state that they "heard the evidence and allegations of the parties". However, that was not done and the case must be sent back to the arbitrators, either to give defendant an opportunity to be heard or an opportunity to plaintiff to call him as an adverse witness.

Plaintiff complains that rule 13 is invalid. This rule provides:

"The attorneys qualified to act as arbitrators shall include only those who file with the Prothonotary their written consent to so act."

It is contended by plaintiff that the Act of 1952 requires that attorneys shall be appointed "by the prothonotary from the list of attorneys qualified to act". Certainly, attorneys cannot be compelled to act as arbitrators. They would have a right to disqualify themselves if they saw fit to do so. Rule 13 does nothing more than ascertain whether attorneys consent to act as arbitrators. And if they do not consent, then they are not considered to have qualified themselves for acting. We do not believe the legislature ever intended to compel attorneys to sit on the board of arbitration, nor do we think that the statute can reasonably be so interpreted.

Our present rule of court 14 requires a deposit of $100. Plaintiff at the argument did not press his contention that this rule violated due process of law. We might point out that the matter of fees has been referred to our rules committee who have been instructed to make a recommendation to the court concerning fees, in the light of the Supreme Court's decision in the Smith case. Because plaintiff did not press his objection as to the $100 fee, and also bearing in mind that our rules committee is considering this matter,

the court is not passing upon this feature of the case at this time.

Plaintiff complains also that the arbitrators failed to file a report. The arbitrators are not required to file with their award written findings of fact or conclusions of law. There must be some report to the court from which the court can determine that the basic jurisdictional requirements have been complied with. The report should show either that all parties were heard or that an opportunity to hear all parties was afforded, should show the time and place of meeting and that the parties appeared either in their own right or by counsel. The most elementary requirement is that the report show that the evidence of the parties and their allegations were considered by the board. The board erroneously made the statement that they were heard when it is admitted that allegations and evidence of defendant were not heard.

For the reasons hereinabove set forth, we deny the prayer of plaintiff's petition to strike off the award. Alternative relief should be granted and the matter referred back to the board to take further testimony of defendant and any of his witnesses whom he sees fit to call, so that the board may file an appropriate amended award based upon the evidence of both parties.

In view of the foregoing, we, therefore, make the following

### Order

And now, December 27, 1955, the rule is made absolute to the extent that this matter be and hereby is referred back to the board of arbitrators for further proceedings in accordance with this opinion. In all other respects involving the constitutionality of the Act of January 14, 1952, P. L. 2087, and the validity of our rules of court 13 and 14, the prayer of the petition is refused.